UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RACHEL LYNN HANSON,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. 2:16-cv-63

HON. ROBERT HOLMES BELL

_________________________________/

**OPINION**

This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) On October 7, 2016, the Government filed a response in opposition. (ECF No. 15.) For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On June 10, 2014, a grand jury returned an indictment charging Movant with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (*United States v. Hanson*, No. 2:14-cr-24, Indictment, ECF No. 11, PageID.20.) Movant signed a plea agreement, but it was not filed with the Court. (*Id.* at ECF No. 10-8, PageID.71.) On September 9, 2014, a grand jury returned a superseding indictment that added a charge of conspiracy to distribute and possess with intent to distribute heroin and

cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), as well as a charge of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (*Id.* at ECF No. 23, PageID.38.)

On October 24, 2014, Movant pleaded guilty to count 3 of the superseding indictment, possession of cocaine with intent to distribute. (*Id.* at ECF No. 30.) As part of her revised plea agreement, Movant agreed to fully cooperate with law enforcement. (*Id.* at PageID.50.) In return, the Government agreed (1) to dismiss the other counts against her, (2) not to oppose a request for acceptance of responsibility, (3) not to prosecute her for other drug trafficking activities that she had previously disclosed to the government, (4) to forego filing a Supplemental Information under 21 U.S.C. § 851, and (5) to consider filing motions to reduce her sentence to reflect her cooperation. (*Id.*) The plea agreement also included a limited waiver of appellate rights. (*Id.* at PageID.56-57.) Movant signed the plea agreement immediately after the following paragraph:

> I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in the agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(*Id.* at PageID.59-60.) Movant also initialed each page of the plea agreement. (*Id.*)

In addition, Movant's trial counsel mailed her a letter that summarized the plea agreement and told her what to expect at the plea hearing. (ECF No. 10-7, PageID.67-70.)

Movant signed the letter in acknowledgment of the consequences of the plea agreement, stating:

> I, Rachel Hanson, have read and understand this letter concerning the procedures I can expect at the plea hearing. My attorney has advised me of the consequences of entering a guilty plea, has reviewed with me to my satisfaction the written plea agreement, has discussed with me the application of the United States sentencing guidelines, and has discussed with me any questions I may have about this matter.

(*Id.* at PageID.70.) On October 27, 2014, Movant entered her guilty plea. (*Id.* at ECF No. 37.) During the hearing, United States Magistrate Judge Timothy Greeley asked Movant several questions about counsel's representation:

> THE COURT: Have you had an adequate opportunity to read and review the entire plea agreement with your attorney?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Have you had an adequate opportunity to ask him questions?
>
> DEFENDANT: Yes.
>
> THE COURT: Has he answered all your questions for you?
>
> DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the representation he's provided for you?
>
> DEFENDANT: Yes.
>
> THE COURT: You've got to speak up just a little.
>
> DEFENDANT: Yes.

(*Id.* at PageID.93.) The Court also confirmed that Movant had spoken with her attorney about the Sentencing Guidelines:

> THE COURT: Ms. Hanson, under the Sentencing Reform Act of 1984 the United States Sentencing Commission has issued advisory guidelines that judges are to consult in determining the appropriate sentence in a criminal case. Have you and your attorney talked about how these guidelines might apply to your case?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that the Court will not be able to determine what the advisory guideline sentence range is for your case until after a presentence report has been completed and you and your attorney and the attorney for the government have an opportunity to file objections to that report. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Do you also understand that after it has been determined what the advisory guideline sentence range is for your case, the judge will have the authority to impose a sentence that is either more severe or less severe than the sentence called for by the guidelines? Do you understand that?
>
> DEFENDANT: Yes, sir.

(*Id.* at PageID.94.) The Court then went through each paragraph of the plea agreement. (*Id.* at PageID.99-107.) Movant's counsel also made a record of his discussion with her regarding the benefits of the plea agreement:

> One last thing. I want the Court to note too one of the things that the Court asked my client was had she had an adequate opportunity to review [the plea agreement]. I want the Court to know she's -- Ms. Hanson has had this plea agreement since August 18th together with a very detailed letter by me explaining some of the benefits of entering into a plea agreement. She also then received a letter issued by the government dated September 17, 2014, that

> outlined in some pretty significant detail the benefits of entering into this particular plea agreement given what we've gone through in negotiating this issue of the plea agreement and the problem with her prior criminal record.
>
> There were different versions of the plea agreement and obviously we have the superseding indictment. And so out of an abundance of caution and a need for clarity, those two letters identify the details of this plea agreement and the benefits for Ms. Hanson about that, and she and I have spoken prior to October 24th, the date that she actually signed the agreement.

(*Id.* at PageID.105.) Movant confirmed that this statement was correct. (*Id.*) Movant also admitted that she "was in possession of cocaine and intended to distribute it." (*Id.* at PageID.109.) Judge Greeley found that Movant's plea was knowingly, voluntarily, and intelligently made, and that there was a sufficient factual basis to support the plea. (*Id.* at PageID.111.) Judge Greeley issued a Report and Recommendation ("R&R") recommending that the Court accept Movant's guilty plea, (*id.* at ECF No. 33), which the Court did (*id.* at ECF No. 34).

Movant's presentence report ("PSR") included her three prior felony drug convictions, described the circumstances of each conviction, and recommended that the Court find that Movant was a career offender, subject to enhanced penalties. (*Id.* at ECF No. 38, PageID.121-24.) Prior to sentencing, Movant mailed a letter to the Court requesting new counsel. The Court held a hearing on February 18, 2015, and during the hearing, Movant withdrew her request. (*Id.* at ECF No. 40, PageID.138.) On March 4, 2015, the Court sentenced Movant to 151 months. (*Id.* at ECF No. 42.) The Court specifically addressed Movant's status as a career offender:

> But for someone your age to be a career criminal under these guidelines -- and they're objective. Now, your lawyer, it bothers your lawyer. It may bother me. I don't see this very often. Normally, I'll tell you what a career criminal normally is. That's about a 45-year-old guy who's carrying a gun and he's running between Chicago and Detroit as part of a gang. He's usually the career criminal. You don't fit the career criminal status. But you made it by virtue of your determination to get these convictions one right after another, and you didn't slow down.

(*Id.* at ECF No. 60, PageID.183.) The Court explained that the 151-month sentence was appropriate to reflect (1) the nature and circumstances of the offense, (2) Movant's history and characteristics, which included "progressive relapse into highs and persistent periods of incarceration," (3) her "high risk of recidivism," (4) the seriousness of the offense, and (5) Movant's "absolute disrespect for the law." (*Id.* at PageID.184-85.) The Court also informed Movant:

> You have a limited right of appeal of this sentence and this conviction, having largely waived those as a result of your plea agreement and those notations. You have 14 days in which to file an appeal. The obligation will be upon current counsel to assist you in filing said appeal if you wish to do so. You'll be remanded to the federal marshal for execution of sentence in this matter.

(*Id.* at PageID.189.) Movant did not file an appeal, but she filed a *pro se* motion to reduce her sentence under Guidelines Amendment 782. (*Id.* at ECF No. 43.) On November 2, 2015, the Court denied her motion. (*Id.* at ECF No. 56.) Movant filed a notice of appeal of the Court's denial to the Sixth Circuit Court of Appeals and her appellate counsel moved to withdraw. The Sixth Circuit granted appellate counsel's motion and affirmed the Court's order denying a sentence reduction. (*Id.* at ECF No. 61.)

Movant filed this *pro se* motion for post-conviction relief on March 7, 2016, raising

five claims of ineffective assistance of trial counsel and one claim of improper sentence calculation. (ECF No. 1.) First, she argues that trial counsel failed to move to suppress the search warrant authorizing the search of her home on January 30, 2014. Second, she argues that he failed to adequately review the government's proposed plea agreement and failed to advise her of the likely sentence before she signed it. Third, he failed to adequately review the presentence report with her prior to sentencing and failed to object to the drug-quantity recommendation and career-offender designation. Fourth, he failed to file a notice of appeal within the 14-day period following sentencing. Fifth, he failed to move for a downward departure to reflect the non-violent nature of her prior felony drug convictions and her low risk of recidivism, and failed to present other mitigating arguments at sentencing. Finally, she argues that the career-offender Guideline is unfair because it fails to take into account the non-violent nature of her prior convictions and her low risk of recidivism.

**II.**

A prisoner who moves to vacate her sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th

Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

**III.**

**A. Ineffective Assistance of Counsel Claims**

To succeed on an ineffective assistance of counsel claim, Movant must establish that (1) trial counsel's performance fell below an objective standard of reasonableness; and (2)

there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.* Movant bears the burden of proof for each prong, and the Court may dismiss a claim of ineffective assistance of counsel if she fails to carry her burden of proof on either one. *Id.* at 687, 697.

When evaluating the *Strickland* prongs, the Court must afford "tremendous deference to trial counsel's decisions." *Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, the purpose of which is "to protect lawyers from having strategic decisions judged with 'the distorting effect of hindsight.'" *Boria v. Keane*, 99 F.3d 492, 498 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

**1. Search Warrant**

Movant argues that counsel was ineffective because he failed to file a motion to suppress the search of Movant's residence. But failure to file a suppression motion is not ineffective assistance *per se*. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.*

at 375. If a motion to suppress would fail, "counsel may not be criticized for having accurately assessed his client's chances of successfully challenging the warrant[.]" *Worthington v. United States*, 726 F.2d 1089, 1093 (6th Cir. 1984) (Contie, J. , concurring). "Thus, whether trial counsel . . . acted incompetently in not filing a timely motion to suppress depends upon the merits of the search and seizure in question." *Id.*

The Fourth Amendment provides that "no warrants shall issue but upon probable cause, supported by oath or affirmation." U.S. Const. Amend. IV. Probable cause arises if there are "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "Search warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny." *Id.* (quoting *United States v. Williams*, 224 F.3d 530, 532 (6th Cir. 2000)).

Movant argues that counsel failed to challenge the sufficiency of the evidence for the search warrant, and contends that the search warrant resulted from uncorroborated hearsay statements. But the sworn affidavit establishes reasonable grounds for the belief that evidence of a crime would be found at Movant's house. (ECF No. 15-1.) It details a conversation with someone who had been inside Movant's residence, and admitted that there was marijuana inside and that they did not have medical marijuana cards. (*Id.* at PageID.128.) He also admitted that he had $5,600 upstairs from his job at a plastics plant in Chicago, but Movant stated that the money was from a tax return. (*Id.* at PageID.129.)

The affidavit also listed Movant's prior drug convictions. (*Id.*) These facts establish probable cause to support the search warrant for Movant's residence. Therefore, Movant has failed to show that the motion to suppress would have merit or that there is a reasonable probability that the verdict would have been different absent the excludable evidence.

**2. Plea Agreement**

Movant's claim that counsel did not review the proposed plea agreement with her and did not give her an estimate of the likely sentence is contradicted by the record. In the written plea agreement, Movant acknowledged that she was aware of her rights, possible defenses, and sentencing provisions. (*Hanson*, No. 2:14-cr-24, ECF No. 30, PageID.60.) Movant also initialed each page of the plea agreement. (*Id.*) Further, during the plea hearing, Magistrate Judge Greeley confirmed that she understood each paragraph of the plea agreement, had an adequate opportunity to review it with her attorney and ask questions, and was satisfied with his representation. (*Id.* at ECF No. 37.) Movant's attorney also asked the Court to take notice of the letters sent by himself and the Government, which outlined in detail the benefits of entering into this plea agreement given her prior record. (*Id.* at PageID.105.) Movant also confirmed that she understood how the Sentencing Guidelines worked. (*Id.* at PageID.94.) The record provides ample evidence that Movant had an opportunity to review and discuss the plea agreement with her attorney. It also shows that both her attorney and the Government advised her of the likely Guidelines range. Thus, Movant has failed to satisfy her burden on both *Strickland* prongs for this claim.

**3. Presentence Report**

Movant argues that counsel did not review the PSR with her. But the record clearly refutes this. First, during the sentencing hearing, counsel noted "my client and I have gone through [the PSR calculations]. At one point my client did challenge the career offender status, that challenge has been resolved and we do not have any objections to the scoring as it is now." (*Id.* at PageID.175.) Also, Movant explained that she read the PSR and discussed it with her attorney. (*Id.* at PageID.175-76.)

Further, the Court properly sentenced Movant as a career offender. She qualifies as a career offender as defined in U.S.S.G. § 4B1.1(a) for the following reasons: (1) she was 30 years old when she committed the instant offense; (2) that offense qualified as a "controlled substance offense" under § 4B1.2(b); and (3) the two convictions listed in the PSR qualify as prior controlled substance offenses. An objection to Movant's career-offender status would have been meritless, and "[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley,* 706 F.3d 741, 752 (6th Cir. 2013). Thus, Movant has failed to sustain her burden for either *Strickland* prong with respect to her status as a career offender.

Similarly, Movant's argument that counsel should have objected to the drug quantity is also without merit. First, given Movant's statements to police on January 30, 2014, the drug quantity of 118 kilograms appears to be correct. Further, the base offense level associated with this quantity is not relevant because the base offense level for a career

offender is higher, so the career-offender level applies. U.S.S.G. § 4B1.1(b). Counsel's objection to the quantity would not have impacted Movant's sentence. Therefore, Movant has not satisfied her burden under *Strickland*'s prejudice prong.

**4. Notice of Appeal**

Movant also contends that counsel was ineffective because he did not file a notice of appeal within 14 days of her sentencing. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Movant asserts that she directed counsel to file a notice of appeal (ECF No. 1, PageID.8), but counsel indicates that she did not (ECF No. 10, PageID.51). Counsel also notes that there was no basis on which to file a legitimate appeal. (*Id.*)

Movant has the burden of establishing deficient performance and prejudice under *Strickland*. In her plea agreement, Movant waived her right to appeal "any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance, and the manner in which the sentence was determined[.]" (*Hanson*, No. 14-cr-24 at ECF No. 30, PageID.56.) The Court sentenced Movant within the Guidelines, and Movant did not object during the sentencing hearing. Thus, the plea agreement's waiver barred her right to appeal. Given the waiver, she cannot establish that she was prejudiced by counsel's failure to file a notice of appeal.

**5. Sentencing**

Movant argues that counsel should have raised additional mitigation arguments. Movant also contends that counsel should have moved for a downward departure because scoring her as a career offender overstated her criminal history. But the record shows that counsel made such arguments at sentencing. He explained that although the career-offender status was accurate,

> in some part it seems to not adequately reflect my client's actual background, although these convictions are there, and it seems like now she's getting a very harsh -- potentially getting a very harsh sentence for what seems to be a fairly, in the comparison with the other folks that she was involved with, fairly minimal involvement in comparison to the other folks, and I think she's going to get a harsher sentence than other people. I've explained to her numerous times that that's how the guidelines work and her record is what it is and the convictions that she has have magnified now the new sanction that she's about to receive.

(*Id.* at ECF No. 60, PageID.177.) Counsel also advocated for a drug-treatment program, and clarified that one of the prior drug convictions did not include heroin. (*Id.* at PageID.178-79.) The Court took this into consideration while noting that her convictions were "getting incrementally more serious[.]" (*Id.* at PageID.178.) The Court also considered Movant's background, history, and characteristics, the nature and circumstances of her offense, and compared her criminal background to that of a typical career offender. (*Id.* at PageID.182-85.) The Court thoroughly considered the factors set forth in 18 U.S.C. § 3553(a), and indicated that it was not persuaded by counsel's arguments that her career-offender status did not adequately reflect her actual criminal history. (*Id.* at PageID.177-78.) It is unlikely that

the Court would have been persuaded by further arguments for mitigation. Thus, Movant has not shown prejudice from counsel's failure to make additional mitigation arguments or to request a downward variance.

**B. Career-Offender Sentencing Guidelines**

Finally, Movant challenges the application of the career-offender Guidelines. She argues that her prior offenses were less serious than a traditional career offender and she has a lower than usual risk of recidivism. To obtain relief under § 2255, Movant must show a constitutional violation. With respect to disparity in sentencing among co-defendants, "[t]here is no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee[.]" *Id.* (internal quotation omitted).

Outside of extraordinary circumstances, claims of non-constitutional error in sentencing cannot be raised in a § 2255 motion. *United States v. McArthur*, No. 10-cv-14726, 2011 WL 2144436, at *1 (E.D. Mich. May 31, 2011). A petitioner can prevail on such a claim only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

Movant does not argue that her sentence was unconstitutional or unlawful. Rather, she requests that the Court not afford a presumption of reasonableness to her Guidelines sentence, and raises policy arguments to show that the career-offender Guidelines are flawed.

But her arguments are refuted by the record. The Court noted that her drug offenses were increasingly more severe and that she had a high risk of recidivism. (*Hanson*, 2:14-cr-24, Sentencing Tr., ECF No. 60, PageID.178, PageID.185.) Movant has not shown a fundamental defect or an error that is so egregious that it violates due process. Thus, her non-constitutional challenge is not cognizable under § 2255.

Moreover, Movant did not object during sentencing nor did she raise this argument on appeal. Therefore, this argument is also procedurally defaulted. Movant does not allege cause and prejudice or actual innocence to get around this procedural default, so she is barred from raising this claim.

**IV.**

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon her by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to any of her claims, a certificate of appealability will be denied.

A judgment and order will enter in accordance with this opinion.

Dated: January 11, 2017

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE